IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL MARKOWITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2806-JDT-cgc |
| | ) | |
| UNIVERSITY OF MEMPHIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DENYING MOTION TO RE-OPEN CASE

Plaintiff Paul Markowitz, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on October 20, 2014, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) However, only ten days later, on October 30, 2014, Plaintiff filed a motion to voluntarily dismiss the action. (ECF No. 6.) United States Magistrate Judge Charmiane G. Claxton issued a Report and Recommendation ("R&R) on December 23, 2014, in which she recommended that the motion for voluntary dismissal be granted. (ECF No. 7.) The Court adopted the R&R on January 12, 2015 (ECF No. 8), and judgment was entered on January 13, 2015 (ECF No. 9).

On October 30, 2015, Plaintiff filed a motion that essentially asks the Court to set aside the judgment, re-open the case, allow him to file an amended complaint, and permit the case to proceed as if it had not been dismissed. (ECF No. 10.) Plaintiff also filed an

amended complaint. (ECF No. 11.) However, the final judgment in this case may be set aside only if it is appropriate under either Federal Rule of Civil Procedure 59(e) or 60(b).

The purpose of a motion to alter or amend the judgment under Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). The granting of a motion under Rule 59(e) is within the sound discretion of the district court. *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1078 (6th Cir. 1989). In addition, the Rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion was filed more than nine months after entry of judgment in this case and is, therefore, untimely under Rule 59(e).

Rule 60(b) provides as follows:

> (b)   Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)   fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4)   the judgment is void;
> (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)   any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Here, the mere fact that Plaintiff has now changed his mind about voluntarily dismissing this case does not constitute grounds for setting aside the judgment under Rule 60(b)(1)-(5). Even Rule 60(b)(6), which permits vacating a judgment "for any other reason that justifies relief," has been held to apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Such circumstances "must include unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). This case does not present the type of unusual and extreme situation that would justify setting aside the judgment under Rule 60(b)(6).

Plaintiff's motion to re-open this case is DENIED.

IT IS SO ORDERED.

                                       s/ **James D. Todd**
                                       JAMES D. TODD
                                       UNITED STATES DISTRICT JUDGE